J. JONES, Justice,
specially concurring.
I concur in the Court’s opinion. The Court correctly finds that the Association does not qualify as a lateral ditch water user’s association pursuant to Idaho Code section 42-1301, due to the narrow qualifications established by the Legislature in that section. It may be that the Legislature intended entities such as the Association to fit within the parameters of Chapter 13, Title 42, Idaho Code (Chapter 13), but the requirements provided therein do not include the Association’s factual situation.
The district court erred in finding that the Association was validly formed pursuant to Idaho Code section 42-1301. The Association was not “formed” under Chapter 13 but, rather, under Chapter 3, Title 30, Idaho Code, the Nonprofit Corporation Act. While it appears to be a validly-formed corporation, the Association does not qualify as a lateral ditch water users association under Idaho Code section 42-1301. The Association’s corporate existence is not dependent upon qualification as a Chapter 13 entity. According to Article II of its Articles of Incorporation, the Association was formed to “be a non-profit corporation complying with the Idaho NonProfit Corporation Act.” Article V described the purposes and powers of this corporate entity:
The purpose for which this corporation is formed is the transaction of any lawful activity, including, without limitation, the ownership, operation and maintenance of the Broadford Slough and Rockwell Bypass lateral ditches located in Blaine County, Idaho, into which certain waters of the Big Wood River are diverted and conveyed to the members of the corporation, and to levy and assess from its members, in the manner prescribed by law, annual assessments reasonably calculated to provide for the necessary improvement, repair, maintenance and operation of said lateral ditches, including sufficient monies to establish a contingency fund for unexpected or emergency repairs or replacements; and to purchase, lease and dispose of such real and personal property as may be necessary or expedient for the proper conduct of its business; and all other purposes and powers granted to lateral ditch water users’ associations pursuant to the provisions of Title 42, Chapter 13, Idaho Code.
Thus, the corporation is authorized to transact “any lawful activity.” Conducting business pursuant to Chapter 13 is not such an activity for the Association since it does not meet the requirements of Idaho Code section 42-1301.
*234 The Court also correctly finds that the Association put all of its eggs in the Chapter 13 basket, failing to properly allege claims for recovery under theories of contract, quantum meruit, and unjust enrichment. The district court may have granted recovery under those alternate theories because an entity in the position of the Association is generally entitled to recover for maintenance charges that benefit a water user such as BWR. However, it overlooked the necessity of pleading and proving these alternate theories.
The general concept of Idaho water law is that when an individual water user receives the benefit of ditch maintenance, which facilitates the user’s enjoyment of his water right, the water user must pay a proportionate share of the cost of such maintenance. Maintenance charges are generally based upon the pro rata proportion of water that the particular user receives through the conveyance works operated by a maintenance entity. See, e.g. I.C. § 43-701(4) (pro rata assessment of irrigation district members); I.C. § 42-1303 (pro rata assessment of lateral ditch water users); I.C. § 42-1206 (pro rata assessment of users of a common ditch); I.C. § 42-5113 (pro rata assessment of members of groundwater management districts). Where a user of water benefits from the maintenance of a ditch or other “conduit for the purpose of irrigation,” it is generally expected that there is no free ride and that such user will pay a proportionate share of the maintenance costs. Idaho Code section 42-1201 provides that every “person, company or corporation ... controlling any ... conduit for the purpose of irrigation shall ... keep a flow of water therein sufficient to the requirements of such persons as are properly entitled to the use of the water therefrom.” Idaho Code section 42-1202 requires the persons in control of such conduit to “maintain the same in good order and repair, ready to deliver water ...” Idaho Code section 42-1206 provides that where “there is a common right to the use of water of a ditch without payment therefor,” the watermaster may make a fair pro rata assessment of necessary repair or cleaning of the ditch. But, in order to recover under any of these provisions, or under general theories such as contract, unjust enrichment, or quantum meruit, a plaintiff must properly plead and prove the same. That did not occur here.